BIALOCHOWSKI v CROSS CONCRETE PUMPING CO, INC

Docket No. 74243. Submitted April 10, 1984, at Detroit.—Decided
March 5, 1985. Leave to appeal applied for.

Plaintiff, John A. Bialochowski, was seriously injured in an
accident on a construction site when a pump malfunctioned,
causing a 30-foot boom carrying concrete to collapse from a
height of 20 feet. The collapsing boom crushed the plaintiff.
The boom and pump were permanently attached to a large
concrete truck which was parked on the site and was pumping
concrete to the second floor at the time that the pump failed.
The truck was owned by defendant Cross Concrete Pumping
Co., Inc. Plaintiff was employed by the Emmanuel Company.
Emmanuel's workers' compensation carrier was defendant Reli-
ance Insurance Company. Reliance paid $150,562.42 in benefits
due to plaintiff's on-the-job injuries. Plaintiff sued Cross Con-
crete in the Wayne Circuit Court. The suit was settled for
$750,000 and plaintiff gave Cross Concrete a release and a
convenant not to sue. The settlement covered any and all
damages arising from the accident. No reference was made in
the settlement documents or in the pleadings before the court
to motor vehicles or to no-fault automobile insurance. Plaintiff
thereafter sought a declaratory judgment in the Wayne Circuit
Court that the workers' compensation insurer was not entitled

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 349.
  What constitutes sufficiently serious personal injury, disability,
  impairment, or the like to justify recovery of damages outside of
  no-fault automobile insurance coverage. 33 ALR4th 767.
  Validity and construction of no-fault automobile insurance plans.
  42 ALR3d 229.

[2] 7 Am Jur 2d, Automobile Insurance §§ 116, 230, 353.
  What constitutes a "motor vehicle" covered under no-fault insur-
  ance. 60 ALR3d 651.

[3] 7 Am Jur 2d, Automobile Insurance §§ 205, 207.
  Risks within "loading and unloading" clause of motor vehicle
  liability insurance policy. 6 ALR4th 686.

[4] 82 Am Jur 2d, Workmen's Compensation §§ 317, 429 et seq.
  Validity and construction of no-fault insurance plans providing for
  reduction of benefits otherwise payable by amounts receivable
  from independent collateral sources. 10 ALR4th 996.

to any part of the settlement proceeds. Both Cross Concrete and the insurer, Reliance, were named as defendants. Reliance asserted the validity of its workers' compensation lien on the settlement proceeds. Plaintiff moved for summary judgment, claiming that the settlement did not include recovery for damages, primarily medical benefits, paid by the workers' compensation insurer. The defendants filed a cross-motion for a summary judgment. The trial court, Lucile A. Watts, J., denied defendants' motion and granted plaintiff a summary judgment. Defendant Reliance Insurance Company appeals from that order. *Held:*

1. Plaintiff's action against Cross Concrete, the third-party tortfeasor, was brought pursuant to § 3135 of the no-fault act.

2. Since the settlement was silent, the Court of Appeals presumed that the settlement compensated plaintiff for noneconomic losses.

3. The truck which injured plaintiff was a motor vehicle that was being used for its intended purpose. Plaintiff was, therefore, injured in an accident for which no-fault benefits were payable.

4. This case is controlled by the Supreme Court's decision in *Great American Ins Co v Queen,* 410 Mich 73 (1980). Under *Queen,* Reliance may not be reimbursed for any medical, wage, or other benefits which substitute for no-fault benefits. However, Reliance is entitled to a lien as to benefits paid which exceed no-fault benefits in duration or amount. The trial court's application of *Queen* was proper. The question of whether Reliance is entitled to a credit, because the benefits it paid or will pay plaintiff may exceed no-fault benefits in amount or duration, involves a question of fact which makes the trial court's grant of a summary judgment improper. The action is remanded for a determination of the amount of Reliance's interest in benefits paid or payable over and beyond no-fault benefits.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY — NONECONOMIC LOSSES.

   The no-fault automobile insurance act provides that a person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement (MCL 500.3135[1]; MSA 24.13135[1]).

2. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES.

   A cement delivery truck which is designed to be operated upon a

public highway by power other than muscular power and which has more than two wheels is a motor vehicle, as that term is used in the no-fault automobile insurance act (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

3. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES — CEMENT DELIVERY TRUCKS.

The unloading of cement from cement delivery trucks is a use incident to the primary transportational function of such vehicles and does not divest them of their character as motor vehicles or transform a motor vehicle accident into a construction-site accident for which no-fault automobile insurance benefits are not payable (MCL 500.3101[2][c], 500.3135[1]; MSA 24.13101[2][c], 24.13135[1]).

4. WORKERS' COMPENSATION — NO-FAULT INSURANCE — SUBROGATION — THIRD-PARTY ACTIONS.

The payment of workers' compensation benefits which do not substitute for no-fault automobile insurance benefits, because they exceed no-fault benefits in amount or duration, gives rise to a right of the workers' compensation carrier to reimbursement from third-party recoveries by an employee injured in a motor vehicle accident in the course of his employment (MCL 418.827, 500.3101 *et seq.;* MSA 17.237[827], 24.13101 *et seq.).*

*Law Offices of Samuel I. Bernstein* (by *Samuel I. Bernstein);* and *McBride & Sigman* (by *Barry Sigman),* of counsel, for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike),* for defendant.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

PER CURIAM. Defendant Reliance Insurance Company appeals as of right from the grant of plaintiff's motion for summary judgment, GCR 1963, 117.2(1). The trial judge held that Reliance, as plaintiff's workers' compensation carrier who had paid medical benefits, was not entitled to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

share in plaintiff's recovery from a third-party tortfeasor.

Plaintiff was severely injured in an accident on a construction site. A pump malfunctioned, causing a 30-foot boom carrying concrete to collapse from a height of 20 feet. The collapsing boom crushed him. The boom and pump were permanently attached to a large concrete truck, which was parked on the site. It was pumping concrete to the second floor at the time that the pump failed. The truck was owned by defendant Cross Concrete Pumping Co., Inc.; plaintiff was employed by the Emmanuel Company. Defendant Reliance provided Emmanuel's workers' compensation coverage; it paid $150,562.42 in benefits due to plaintiff's on-the-job injuries.

Plaintiff sued Cross Concrete. The suit was settled. Plaintiff gave Cross a release on August 11, 1981, and a covenant not to sue on August 13, 1981. Cross agreed to pay plaintiff $750,000. The documents which embodied the settlement agreement indicated that the settlement covered any and all damages arising from the accident. No reference was made in these documents or in the pleadings before the court to motor vehicles or to no-fault automobile insurance.

Subsequently, plaintiff sought a declaratory judgment that the workers' compensation insurer was not entitled to any part of the settlement proceeds. Both the insurer, Reliance, and Cross Concrete were named as defendants. In its answer, Reliance asserted the validity of its workers' compensation lien on the settlement proceeds recovered by plaintiff.

Plaintiff moved for summary judgment, claiming that the settlement did not include recovery for damages (primarily medical benefits) paid by the workers' compensation insurer. The trial judge

granted the motion, relying on the Supreme Court's decision in *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980).

In *Queen, supra,* the Supreme Court held that a workers' compensation insurance carrier is not entitled to reimbursement for its payments which substituted for no-fault benefits otherwise payable. *Queen* holds that payment of workers' compensation benefits which do not substitute for no-fault benefits gives rise to a right of reimbursement from third-party tort recoveries in the same manner as does the payment of workers' compensation benefits where no-fault benefits are not involved. *Queen,* p 97.

Reliance first claims that the accident in the present case was not a motor vehicle accident for which no-fault benefits are payable. Reliance argues that *Queen* is therefore inapplicable and Reliance is entitled to reimbursement under § 827 of the Worker's Disability Compensation Act, MCL 418.827; MSA 17.237(827). We disagree.

Plaintiff's complaint alleged that Cross Concrete owned the defective truck which injured plaintiff when its boom collapsed on him. Thus, plaintiff's action against Cross Concrete, the third-party tortfeasor, must have been brought pursuant to § 3135 of the no-fault act, MCL 500.3135; MSA 24.13135. Section 3135(1) provides:

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."

Since the settlement is silent, we presume that the settlement compensated plaintiff for noneconomic losses. *Keys v Travelers Ins Co,* 124 Mich App 602,

605; 335 NW2d 100 (1983). Additionally, the truck which injured plaintiff was a motor vehicle. It was designed to be operated upon a public highway by power other than muscular power and had more than two wheels. MCL 500.3101(2)(c); MSA 24.13101(2)(c). Plaintiff's injury was caused by the collapse of a boom which was physically attached to the truck. The boom collapsed while concrete was being unloaded. Although not being used for transportation, the cement truck was being used for its intended purpose, *i.e.,* job site delivery of cement. Unloading is a use incident to the primary transportational function of such vehicles and does not divest them of their character as motor vehicles or transform a motor vehicle accident into a construction-site accident for which no-fault benefits are not payable. *Johnston v Hartford Ins Co,* 131 Mich App 349, 354-356; 346 NW2d 549 (1984), *lv den* 419 Mich 905 (1984).[1] Since plaintiff was injured in an accident for which no-fault benefits were payable, *Queen* is applicable.

Plaintiff was injured on June 13, 1980. The circuit court rendered its decision granting plaintiff summary judgment on August 16, 1983. Thus, most if not all monies paid by Reliance during that interval necessarily had to be paid in substitution for no-fault benefits. Such benefits which substitute for no-fault benefits are not recoverable. *Queen, supra,* p 97. However, Reliance claims that

---

[1] In this respect, this case differs from *Johnston v Hartford Ins Co, supra.* In *Johnston,* plaintiff's action was against his own no-fault insurance carrier for personal protection insurance benefits. *Johnston,* therefore, dealt with §§ 3105 and 3106 of the no-fault act, MCL 500.3105; MSA 24.13105, MCL 500.3106; MSA 24.13106. In *Johnston,* the Court concluded that the crane which injured plaintiff was a motor vehicle under § 3101 but that the accident did not arise out of the use of a motor vehicle as a motor vehicle. *Johnston, supra,* pp 358-361. In the present case, plaintiff's action is brought pursuant to § 3135, which does not contain the additional phrase "as a motor vehicle" that is contained in § 3105.

it is entitled to a credit for future workers' compensation benefits not paid in substitution for no-fault benefits. Under § 827 of the Worker's Disability Compensation Act, an amount recovered from a third-party tortfeasor for noneconomic losses is treated as a credit in favor of the compensation carrier for future compensation payments. *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975). In *Queen,* the Court held that "[w]hen the carrier pays benefits which do not substitute for no-fault benefits, because they exceed no-fault benefits in amount or duration, it should be treated like all other workers' compensation carriers and be entitled to reimbursement out of any third-party recovery". *Queen, supra,* p 88. Whether Reliance is entitled to a credit, because the benefits it paid plaintiff exceeded no-fault benefits in amount or duration, involves a question of fact which makes summary judgment inappropriate under GCR 1963, 117.2(1). Consequently, we remand for a determination of the amount of Reliance's interest in benefits paid or payable over and beyond no-fault benefits.

In summary, we hold that this case is controlled by *Queen,* and that, under *Queen,* Reliance may not be reimbursed for any medical, wage, or other benefits which substitute for no-fault benefits. However, we further hold that Reliance is entitled to a lien as to benefits paid which exceed no-fault benefits in duration or amount. Therefore, we affirm the trial court's application of *Queen,* but reverse and remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.