MICHIGAN BELL TELEPHONE COMPANY v SHORT

Docket No. 84357. Submitted March 4, 1986, at Lansing. Decided July 21, 1986.

Defendant, Peggy P. Short, was injured in the course of her employment with plaintiff, Michigan Bell Telephone Company, when the tailgate of her work truck dropped as she was stepping from the truck bed onto the tailgate, causing her to fall. Plaintiff paid workers' compensation benefits, but instituted the instant action in the Genesee Circuit Court to enforce a lien for the amount of benefits it had paid out when it learned that defendant had obtained a cash settlement for the same injuries in a tort suit against Michigan Mobil Wash, which was under contract with plaintiff for the regular washing and waxing of plaintiff's work trucks. The circuit court, Judith A. Fullerton, J., granted defendant's motion for summary disposition, ruling that liability in the tort suit was governed by the no-fault act, and not the Workers' Disability Compensation Act, and that plaintiff was barred by res judicata from asserting its claim. Plaintiff appealed. *Held:*

1. Defendant's injuries arose out of the maintenance of the truck in question and occurred as she was alighting from the parked truck. Liability for her injuries is therefore governed by the provisions of the no-fault act. The judgment which defendant obtained pursuant to a settlement with Michigan Mobil Wash represented compensation for noneconomic losses allowed by the no-fault act, against which plaintiff cannot enforce a lien under the provisions of the Workers' Disability Compensation Act.

2. The doctrine of res judicata does not apply, since plaintiff

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 77, 423.

Third-party tortfeasor's right to have damages recovered by employee reduced by amount of employee's workers' compensation benefits. 43 ALR4th 849.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

was not a party to defendant's suit against Michigan Mobil Wash.

Affirmed.

SHEPHERD, P.J., concurred separately to emphasize that the relevant inquiry in this case concerns the circumstances of defendant's injury for a determination of whether she would have been eligible to receive no-fault insurance benefits. He concluded that she would have been eligible for such benefits and that plaintiff was not entitled to reimbursement for workers' compensation benefits paid to defendant.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — NO-FAULT INSURANCE — THIRD-PARTY ACTIONS.

An employer has no right to reimbursement for workers' compensation benefits paid to an employee who is injured in the course of his employment by a third-party tortfeasor in a motor vehicle accident and who, for the same injury, secures a judgment or settlement against the third-party tortfeasor, where such judgment or settlement represents compensation for noneconomic losses allowed under the no-fault act (MCL 418.827[5], 500.3101 *et seq.*; MSA 17.237[827][5], 24.13101 *et seq.*).

2. INSURANCE — NO-FAULT INSURANCE — MAINTENANCE OF MOTOR VEHICLES.

The term "maintenance" as used in the no-fault act includes more than mechanical repairs; the term is to be liberally construed in accordance with its common-sense meaning; therefore, the cleaning and waxing of a motor vehicle on a regular basis constitutes normal maintenance service to that motor vehicle, and liability for any injuries causally connected to such maintenance falls under the provisions of the no-fault act.

*Albert Calille* and *J. Kent Cooper,* for plaintiff.

*Brian M. Barkey,* for defendant.

Before: SHEPHERD, P.J., and M. J. KELLY and R. L. TAHVONEN,* JJ.

M. J. KELLY, J. Michigan Bell Telephone Company appeals as of right from an order of sum-

* Circuit judge, sitting on the Court of Appeals by assignment.

mary judgment in favor of defendant, Peggy Short, dismissing Michigan Bell's complaint to enforce a lien in the amount of $25,042.43 paid out in workers' compensation benefits on behalf of Peggy Short. We affirm.

On September 20, 1982, Peggy Short was injured in the course of her employment with Michigan Bell as she alighted from one of Michigan Bell's work trucks. It is not disputed that Short stepped from the bed of the work truck onto the tailgate, which dropped open and caused her to fall to the ground. It is also undisputed that at the time this action was commenced, Michigan Bell had paid $25,042.43 in workers' compensation benefits on Short's behalf.

Michigan Bell had contracted with Michigan Mobil Wash to regularly clean and maintain the beds of its work trucks. According to Short, employees of Mobil Wash had failed to replace certain hooks which secured the tailgate of her truck after they had cleaned its bed. Short filed suit against Mobil Wash sometime in 1983 seeking compensation for the injuries sustained. That action was dismissed by order of December 13, 1984, pursuant to a settlement agreement negotiated between those parties for $50,000.

When Michigan Bell learned of the settlement agreement between Short and Mobil Wash, it promptly filed this action to assert the workers' compensation lien created and guaranteed under MCL 418.827(5); MSA 17.237(827)(5). Both parties then moved for summary disposition and, after the appropriate oral argument, Bell's petition to assert its lien was dismissed.

The trial court held that Bell had failed to state a cause of action against Short because her judgement against Mobil Wash was obtained under the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA

24.13101 *et seq.,* and thus represented compensation for noneconomic losses only. Michigan Bell does not dispute that under *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980), its workers' compensation lien is not enforceable against Short's third-party tort recovery if that judgment represents compensation for noneconomic losses allowed by the no-fault act. See also *Bialochowski v Cross Concrete Pumping Co, Inc,* 141 Mich App 315; 367 NW2d 381 (1985), lv gtd 424 Mich 877 (1986).

The dispositive issue here is whether Short's previous action against Mobil Wash was governed by the no-fault act. If an injury arises out of the ownership, operation, maintenance or use of a motor vehicle, liability is governed by the provisions of that act. Where the involved motor vehicle is parked at the time the injuries are sustained, one of the requirements of MCL 500.3106(1); MSA 24.13106(1) must also be met. In this case, defendant was alighting from the work truck and thus came within the parked vehicle exception. MCL 500.3106(1); MSA 24.13106(1)(c). The trial court in this case ruled that, although Michigan Bell owned the work truck from which Short fell, Short's injuries arose out of or were causally connected to Mobil Wash's maintenance of that truck and liability was thus governed in the first action by the provisions of the no-fault act.

Michigan Bell argues that nowhere in Short's complaint against Mobil Wash was it ever asserted that her cause of action fell under the no-fault act. Failure to plead the no-fault statute, however, is not dispositive. See *Bialochowski, supra.* Rather, we must determine whether Short's injuries arose out of Mobil Wash's maintenance of the work truck. If so, her action against that corporation was necessarily a no-fault action.

The term "maintenance," as used in the no-fault act, includes more than mechanical repairs. *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 772; 356 NW2d 262 (1984). Generally, the term maintenance is to be liberally construed in accordance with its common-sense meaning. *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981); *Wagner, supra.* Given the fact that Michigan Bell contracted with Mobil Wash to clean and wax the company's work trucks on a regular basis, we conclude that this activity constituted a normal maintenance service to the motor vehicles involved and any injuries causally connected to that activity fall under the provisions of the no-fault act. As already noted, Michigan Bell does not dispute the applicability of *Queen, supra,* assuming that the action between Short and Mobil Wash was governed by the no-fault act.

The trial court also ruled, in the alternative, that Michigan Bell's petition in this case was barred under the doctrine of res judicata. During the trial proceedings between Short and Mobil Wash, Michigan Bell filed a motion to intervene which was denied by the trial court. Because Michigan Bell was never a party to the prior lawsuit, the doctrine of res judicata does not apply. See *Wilcox v Sealey,* 132 Mich App 38, 46; 346 NW2d 889 (1984).

Affirmed.

SHEPHERD, P.J., *(concurring).* I write separately to emphasize that we have to look at the circumstances of defendant's injury and determine whether she would have been eligible to receive no-fault benefits in order to decide whether this is a suit for noneconomic damages authorized by the no-fault act. Here, the accident arose out of the ownership, operation, maintenance or use of a

motor vehicle and occurred while defendant was alighting from the work truck. Thus defendant's injury fell within the parked vehicle exception, MCL 500.3106(1)(c); MSA 24.13106(1)(c). Plaintiff does not contend that defendant was "loading, unloading or doing mechanical work on a vehicle" which would preclude recovery of no-fault benefits under MCL 500.3106(2); MSA 24.13106(2). Thus under *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980), plaintiff is not entitled to reimbursement for workers' compensation benefits paid to defendant.