YATES v HAWKEYE-SECURITY INSURANCE COMPANY

Docket No. 88752. Submitted June 25, 1986, at Grand Rapids. Decided
    February 17, 1987.

Kenneth J. Yates brought an action in the Oceana Circuit Court
    against his no-fault insurer, Hawkeye-Security Insurance Com-
    pany. Plaintiff claimed that he was entitled to personal protec-
    tion insurance benefits for injuries sustained when a farm
    tractor, with which he intended to tow a stalled pickup truck,
    rolled back and pinned him between the tractor and the truck.
    The trial court, Terrence R. Thomas, J., granted defendant's
    motion for summary judgment, ruling that plaintiff could not
    recover the benefits sought since plaintiff's injuries did not
    arise out of the maintenance of the pickup truck as a motor
    vehicle. Plaintiff appealed.

    The Court of Appeals held:

    1. The act of preparing to tow a disabled or stuck motor
    vehicle constitutes maintenance of that motor vehicle. Plain-
    tiff's injuries therefore come within the provisions of the no-
    fault act and he is entitled to personal protection insurance
    benefits for the injuries he sustained.

    2. The vehicles involved in this case were not "parked"
    within the meaning of the no-fault act. The parked-vehicle
    exception therefore does not apply to this case.

    Reversed and remanded.

INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — MAIN-
    TENANCE OF MOTOR VEHICLE.

    The act of preparing to tow a disabled or stuck motor vehicle
    constitutes maintenance of that motor vehicle; therefore, a
    plaintiff who suffered injury when a farm tractor, with which
    he intended to tow a disabled pickup truck, rolled back and
    pinned him between the tractor and the truck may recover

REFERENCES

Am Jur 2d, Automobile Insurance §§ 194, 200.

Automobile liability insurance: What are accidents or injuries
    "arising out of ownership, maintenance, or use" of insured vehi-
    cle. 15 ALR4th 10.

Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

personal protection insurance benefits for his injury as provided under the no-fault act (MCL 500.3105[1]; MSA 24.13105[1]).

*Libner, Van Leuven & Kortering, P.C.* (by *John A. Braden*), for plaintiff.

*Chollete, Perkins & Buchanan* (by *Robert J. Riley* and *Robert E. Attmore*), for defendant.

Before: R. B. Burns, P.J., and R. M. Maher and F. D. Brouillette,* JJ.

Per Curiam. Plaintiff filed this action against defendant, plaintiff's no-fault automobile insurance carrier, after defendant denied no-fault benefits to plaintiff following an accident on plaintiff's farm. The trial court granted summary disposition in favor of defendant for failure to state a claim upon which relief can be granted. MCR 2.116(C)(8). Plaintiff now appeals and we reverse.

Plaintiff's son, Thomas Yates, was chopping wood on the family farm and loading it into a pickup truck, which was registered in his parents' names. Plaintiff joined Tom later in the morning, arriving at the scene by way of a 14,000-pound Case tractor, driving on a "two-track" road across one of the farm's fields. When the task was completed, the two men decided to return to their house for lunch.

Plaintiff got on the tractor and proceeded up the two-track road to the top of the hill. Plaintiff looked back and saw that his son was unable to get the truck to the top of the hill, apparently because the clay ground was wet and slippery.

Plaintiff backed the tractor down the hill in order to attach a chain and pull the truck to the top. Plaintiff spun the wheels of the tractor to lock

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it in place, as the emergency brake no longer worked, and left the tractor in neutral. The truck was left running, but stationary, as the two men proceeded to hook up chains between the truck and the tractor. While they did so, the tractor began rolling back. Plaintiff did not see it and was struck by the tractor and pinned between the truck and the tractor.

Tom had seen the tractor rolling and tried to put the pickup in reverse to get it out of the way, but the truck did not go into gear. When the tractor hit the truck, the truck moved backward. Plaintiff, who had grabbed the tractor's tire, was pulled underneath. He suffered serious injuries.

The trial judge granted summary disposition, holding that plaintiff's injuries did not arise out of the maintenance of a motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1) provides for the payment of personal protection benefits "for accidental injury arising out the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."

This Court has adopted a broad definition of maintenance of a motor vehicle in order to advance the purposes of the no-fault act. *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 773; 356 NW2d 262 (1984). In *Wagner,* this Court concluded that the act of heating an oil pan in order to start a truck constituted maintenance. See also *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115, 117-118; 383 NW2d 108 (1985) (inspection of engine to determine cause of stalling constitutes maintenance).

We also find guidance from this Court's opinion in *Michigan Mutual Liability Co v Ohio Casualty Ins Co,* 123 Mich App 688; 333 NW2d 327 (1983). In *Michigan Mutual,* Richard Helmer was injured when he was standing between a truck and a Case

Loader, attaching a tow chain between the two vehicles so that the Case Loader could pull out the truck, which had become stuck. The Case Loader rolled backwards, pinning Helmer between the two vehicles and injuring him.

While the factual scenario of *Michigan Mutual* is remarkably similar to that of the case at bar, that case considered not the applicability of the no-fault act but the liability of two insurance carriers under comprehensive insurance policies. However, in so doing, the Court concluded:

> Preparing to tow a disabled or stuck vehicle is an activity that is identifiable with the maintenance and use of such vehicle and foreseeably necessary. Operation of the Case Loader was directly involved with the towing preparations and cannot be considered such an independent, intervening, disassociated act that Helmer's injury did not arise out of or flow from maintenance or use of the Michigan Foundry truck. [*Id.,* pp 695-696.]

In view of the liberal construction this Court has given to the term "maintenance" under the no-fault act, we conclude that the *Michigan Mutual* holding is equally applicable to the case at bar. Accordingly, we hold that, since plaintiff was injured while in the act of preparing to tow an automobile, and towing or preparing to tow constitutes maintenance of a vehicle, his injuries come within the provisions of the no-fault act and he is entitled to benefits under MCL 500.3105(1); MSA 24.13105(1).

Next, we must briefly consider an issue not reached by the trial court because of its disposition of the case under the above issue, namely whether the vehicles were "parked" and come within the parked-vehicle exception contained in MCL

500.3106(1); MSA 24.13106(1), which provides in pertinent part as follows:

> Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle . . . .

In view of *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981), we conclude that the vehicles involved in the case at bar were not "parked" within the meaning of the no-fault act. In *Miller,* the Supreme Court considered the apparent inconsistency between the provision of the no-fault act providing benefits for injuries arising out of the maintenance of an automobile and the parked-vehicle exception. Such an apparent inconsistency arises since, as the Court noted, most, if not all, maintenance is done while a vehicle is parked. *Id.,* p 638. However, after considering the policies behind each provision, the Court concluded that injuries arising out of the maintenance of an automobile must be compensated for without regard to whether the vehicle might be considered "parked" at the time of the injury. *Id.,* p 641.

Accordingly, we conclude that, for the reasons given above, the parked-vehicle exception does not apply to the case at bar.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to plaintiff.