MUSALL v GOLCHEFF

Docket No. 100596. Submitted October 19, 1988, at Detroit. Decided
February 7, 1989. Leave to appeal applied for.

Charles F. Musall sustained an eye injury at a self-serve car wash
when the coin-operated machine's wash wand struck him after
he deposited coins in order to wash his pickup truck. Musall
and his wife, Patricia A. Musall, brought an action in Wayne
Circuit Court against Boris Golcheff, the proprietor of the car
wash, Automobile Club Insurance Association, the Musall's no-
fault insurer, and others. Plaintiffs sought personal injury
protection benefits under their policy with ACIA (hereafter
defendant). The trial court, Roland L. Ozark, J., granted sum-
mary disposition in favor of plaintiffs as to their claim against
defendant, ruling that the claimed injury arose out of the
maintenance of plaintiffs' vehicle and was therefore an injury
for which personal injury protection benefits are payable pursu-
ant to the no-fault act. Defendant appealed.

The Court of Appeals *held:*

Personal injury protection benefits for injuries arising out of
the use of a motor vehicle as a motor vehicle are provided only
where the causal connection between an injury and the use of a
motor vehicle as a motor vehicle is more than incidental,
fortuitous or "but for." In this case, Mr. Musall was performing
maintenance on his truck when he sustained injury and the
connection between his injury and the maintenance of his
truck was more than incidental, fortuitous or "but for."

Affirmed.

INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS —
MAINTENANCE OF MOTOR VEHICLES.

An injury sustained by an individual from being struck by the
wash wand of a coin-operated car wash machine in the course
of washing his motor vehicle is an injury which is causally
connected with the maintenance of the vehicle and is an injury

REFERENCES

Am Jur 2d, Automobile Insurance §§ 135, 194, 204, 340 *et seq.*
See the Index to Annotations under Automobile Insurance; No-
Fault Insurance.

compensable under the personal protection provisions of the no-fault automobile insurance act (MCL 500.3105[1]; MSA 24.13105[1]).

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Dennis J. Mendis*), for plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *A. J. Galsterer, Jr.*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of Counsel, for defendant Automobile Club Insurance Association.

Before: SULLIVAN, P.J., and MURPHY and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant Automobile Club Insurance Association (ACIA) appeals as of right from an entry of summary disposition by the Wayne Circuit Court on plaintiffs' complaint for first party no-fault benefits. The circuit court held that plaintiffs' injuries arose out of the ownership, operation, maintenance or use of a motor vehicle pursuant to MCL 500.3105(1); MSA 24.13105(1). We agree with the circuit court and affirm.

The facts of the present case are not in dispute. On November 20, 1984, plaintiff Charles R. Musall drove his 1978 Ford pickup truck into a coin-operated self-serve auto wash for the purpose of cleaning his truck. Plaintiff parked in one of the bays and placed some coins into the coin box to start the wash machine. Plaintiff had not taken the wash wand out of the holder before placing his money in the machine. At that time, plaintiff was struck by the wash wand and suffered injury to his right eye.

On appeal, defendant ACIA argues that the circuit court erred in granting summary disposition

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

in favor of plaintiffs. Defendant ACIA argues that plaintiffs' injuries did not arise out of the ownership, operation, maintenance or use of the motor vehicle, but rather, out of the use of the coin-operated self-serve washing system. Defendant argues that any connection to maintenance of the motor vehicle was incidental and therefore not sufficiently causally related to the use of the motor vehicle to bring plaintiffs' claim within the purview of the no-fault law. We disagree.

In *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986), the Supreme Court construed the "arising out of" language of § 3105 of the no-fault act:

> In drafting MCL 500.3105(1); MSA 24.13105(1), the Legislature limited no-fault PIP benefits to injuries arising out of the "use of a motor vehicle *as a motor vehicle."* In our view, this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for." The involvement of the car in the injury should be "directly related to its character as a motor vehicle." *Miller v Auto-Owners [Ins Co,* 411 Mich 633; 309 NW2d 544 (1981)]. Therefore, the first consideration under MCL 500.3105(1); MSA 24.13105(1), must be the relationship between the injury and the vehicular use of a motor vehicle. Without a relation that is more than "but for," incidental, or fortuitous, there can be no recovery of PIP benefits. [Emphasis in original.]

A determination of whether plaintiff's injury may be characterized as "arising out of" the use of a motor vehicle is a determination which depends on the unique facts of each case and thus must be made on a case-by-case basis. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 9; 423 NW2d 913 (1988).

In the present case, we believe the connection between plaintiff's injury and the maintenance of his motor vehicle was more than incidental, fortuitous, or "but for." Unlike *Thornton,* where the motor vehicle was merely the situs of an armed robbery in which plaintiff was injured, the motor vehicle in the present case was the central object of the circumstances which give rise to plaintiffs' cause of action. Plaintiff was injured while in the process of washing his motor vehicle. The wash wand was merely the tool needed to accomplish the task. Plaintiff's motor vehicle was not merely "incidental" to the circumstances. Thus, the relation between the functional character of the motor vehicle and plaintiff's injuries was indeed direct. See *Thornton, supra,* p 660.

Nevertheless, defendant ACIA also argues that plaintiff's washing his motor vehicle was not "maintenance" within the meaning of the statute. Again, we disagree. The term "maintenance," as used in the no-fault statute, includes more than mechanical repairs. *Michigan Bell Telephone Co v Short,* 153 Mich App 431, 435; 395 NW2d 70 (1986). The term is to be liberally construed in accordance with its common-sense meaning. *Miller, supra; Short, supra.* In *Short,* this Court held that the plaintiff's contract to clean and wax work trucks on a regular basis constituted a normal maintenance service to the trucks. Similarly, in *Yates v Hawkeye-Security Ins Co,* 157 Mich App 711, 714; 403 NW2d 208 (1987), this Court held that the act of hooking chains between a truck and a tractor in order to tow the truck constituted maintenance. In *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 773; 356 NW2d 262 (1984), this Court concluded that the act of heating an oil pan in order to start a truck constituted maintenance. Clearly, this Court

has adopted a broad definition of "maintenance" in order to advance the purposes of the no-fault act. *Yates, supra,* p 713.

Here, we similarly conclude that plaintiff, while attempting to wash his motor vehicle, was performing maintenance within the meaning of the no-fault statute. We reject defendant's contention that since plaintiff's injury arose from contact with the wash wand, as opposed to contact with his truck, plaintiff's injury does not fall within the maintenance provision of the no-fault act. Defendant cites no authority for the proposition that injuries necessarily have to be received directly from the motor vehicle. A review of the case law does not support this narrow interpretation of the statute.

Affirmed.