McMULLEN v MOTORS INSURANCE CORPORATION

Docket No. 140994. Submitted August 3, 1993, at Detroit. Decided December 20, 1993, at 9:55 A.M.

Winford G. McMullen brought an action in the Genesee Circuit Court against Motors Insurance Corporation and others, seeking personal protection insurance benefits. McMullen, while walking past an automobile, had been burned by steam and liquid spewing out of the automobile's radiator after someone else, in an attempt to correct an overhearing problem, loosened the radiator cap. The court, Judith A. Fullerton, J., granted summary disposition for the defendants, ruling that recovery could not be had under MCL 500.3105(1); MSA 24.13105(1) because the plaintiff was not performing maintenance on the automobile and that none of the exceptions to the parked vehicle exclusion, MCL 500.3106(1)(a)-(c); MSA 24.13106(1)(a)-(c), applied. The plaintiff appealed.

The Court of Appeals *held:*

1. Accidental bodily injury arising out of the maintenance of a parked motor vehicle is covered under § 3105(1). Coverage extends to a passerby who, like the plaintiff, is injured as a direct result of maintenance performed by someone else.

2. None of the exceptions to the parked vehicle exclusion applies in this case. The automobile was not parked in such a way as to cause unreasonable risk of the bodily injury that occurred, the plaintiff's injury was not a direct result of his physical contact with equipment permanently mounted on the automobile or with property being loaded onto or unloaded from the vehicle, and the injury was not sustained while the plaintiff was occupying, entering into, or alighting from the vehicle.

Reversed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — MAINTENANCE — PARKED VEHICLES.

Personal protection insurance benefits are payable for accidental

REFERENCES
Am Jur 2d, Automobile Insurance §§ 340-368.
See ALR Index under No-Fault Insurance.

bodily injury sustained by a person performing maintenance on a parked vehicle or by a passerby injured as a direct result of the maintenance performed (MCL 500.3105[1]; MSA 24.13105[1]).

*Bernstein & Bernstein, P.C.* (by *Thomas B. Calcatera*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Barbara A. Rush* and *Thomas C. Caplis*), for the defendants.

Before: BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,* JJ.

CORRIGAN, J. In this action for first-party benefits under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, plaintiff appeals the grant of summary disposition to defendants pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). We reverse.

Plaintiff was injured on July 8, 1990, when he was burned by hot water and steam escaping from the radiator of an automobile owned by his brother. At the time of the accident, the car was parked in the driveway of plaintiff's home. Plaintiff's brother was attempting to fix a problem that had caused the car to overheat on a recent trip. Plaintiff unfortunately walked past the car just as his brother loosened the radiator cap and allowed the steam to escape. Plaintiff suffered severe burns on his face, neck, and chest.

Plaintiff made a claim for personal injury protection (PIP) benefits from Motors Insurance Corporation (hereafter defendant), his brother's no-fault insurer. Defendant denied the claim and plaintiff brought suit. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), citing MCL 500.3105; MSA 24.13105 and MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

500.3106; MSA 24.13106. The court granted the motion. Plaintiff appeals.

MCL 500.3105(1); MSA 24.13105(1) provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

The broad language of § 3105(1) is subject to some limitations, including those found at MCL 500.3106; MSA 24.13106:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
> (b) [T]he injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.
> (c) [T]he injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

There is an apparent tension between these two sections of the no-fault act. *Miller v Auto-Owners Ins Co,* 411 Mich 633, 637; 309 NW2d 544 (1981). Section 3105 provides coverage for injuries incurred during the maintenance of a vehicle, whereas § 3106 prohibits coverage for injuries incurred when the vehicle is parked, with three exceptions. *Miller* at 637-638. The *Miller* Court resolved this tension by holding that coverage is

available for injuries that occur during the maintenance of a parked vehicle. *Id.* at 641. See also, however, *Winter v Auto Club of Michigan,* 433 Mich 446, 457; 446 NW2d 132 (1989) (*Miller* holding limited to "the narrow circumstances of that case").

Defendant concedes that an individual who is injured while performing maintenance work on a motor vehicle is eligible for no-fault benefits, but defendant would limit the section's coverage to *only* those persons actually performing maintenance on a motor vehicle. We cannot agree that the plain language of the statute calls for the construction defendant advocates. In interpreting the phrase "arising out of the ownership, maintenance or use" of a motor vehicle, the term "maintenance" has traditionally been given a liberal construction. *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 773; 356 NW2d 262 (1984), citing 6B Appleman, Insurance Law & Practice (Buckley ed), § 4315, pp 339-341. This Court has adopted a broad definition of maintenance in order to advance the purposes of the no-fault act. *Id.*

The situation presented is one of first impression in Michigan, i.e., is a *passerby* who is injured as the direct result of maintenance performed by someone else eligible for no-fault benefits? After examining the law of other jurisdictions and considering it within the framework of Michigan's no-fault act, we conclude that the answer is yes.

No Michigan or out-of-state case presents identical facts. A number of out-of-state cases, however, suggest that insurers may be liable to bystanders or passersby injured where others are performing maintenance functions. In *Indiana Ins Co v Winston,* 377 So 2d 718 (Fla App, 1980), the injured party had been helping the owners of a vehicle

with some body work when he was injured through the negligence of one of the owners. The court held that "[although] the injured party was not himself actively engaged in the maintenance of the car at the time of the injury, we still believe his injury arose from a condition created during the maintenance of the vehicle." *Id.* at 720.

A bystander plaintiff was also found entitled to protection in *Eichelberger v Warner,* 290 Pa Super 269; 434 A2d 747 (1981). One of the parties was a woman whose car had run out of gasoline on the highway. Two men came to her assistance and, while one of them put gasoline into the car, she waited at the side of the road. Unfortunately, she stepped backward into the traffic lane, where she was struck and killed. Her automobile insurer denied coverage, arguing that the insured's stepping in the path of an oncoming car was not causally connected with the ownership, maintenance, or use of her vehicle. The court rejected that argument and found her estate entitled to survivor's benefits.

In *Unsatisfied Claim & Judgment Fund Bd v Clifton,* 117 NJ Super 5; 283 A2d 350 (1971), the plaintiff was injured while a mechanic was positioning a car for repair. The insurer (a state fund) contested liability on other grounds but did not contend that the injured man was ineligible for benefits because he was not directly involved in the maintenance himself. Similarly, the defendant insurer did not even raise the "bystander" defense in *Morris v American Liability & Surety Co,* 332 Pa 91; 185 A 201 (1936), where the plaintiff was injured by a truck driver who was repairing a tire. The insurer contested the applicability of the policy for other reasons, which the court rejected, but apparently did not contest coverage if the policy was found applicable.

The no-fault act is remedial in nature. *Winter, supra* at 454. That nature would be advanced by broadly construing the provisions of the act to effectuate coverage. *Id.,* quoting *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219, 228; 407 NW2d 355 (1987). At this juncture, plaintiff's injuries appear to arise out of the "maintenance" of a motor vehicle. Nothing in the language of the no-fault act requires that the injured person be the individual actually maintaining the vehicle in question. Given the remedial nature of the act and the construction of the term "maintenance" in other states, we find plaintiff to be eligible for PIP benefits.

Defendant also argues that, regardless of our holding regarding the applicability of § 3105, plaintiff is excluded from receiving PIP benefits under § 3106, because the vehicle was parked at the time of the accident.[1] As we have already explained, however, *Miller, supra,* created an exception to the parked vehicle exclusion for injuries incurred during maintenance.

Plaintiff makes a second argument for his entitlement to benefits by pointing to MCL 500.3106(1); MSA 24.13106(1), the exceptions to the parked vehicle exclusion. We are not convinced. It is apparent that subsections a and c, referring to vehicles "unreasonably parked" and to injuries incurred during loading and unloading, respectively, are inapplicable. Plaintiff contends, however, that subsection b applies: "the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used."

[1] Defendant's reliance on *Griffin v ACIA,* unpublished opinion per curiam of the Court of Appeals, decided May 31, 1990 (Docket No. 124204), is misplaced. Contrary to defendant's assertion, the case was never published.

Plaintiff claims that he was injured by "equipment permanently mounted on the vehicle" because he was burned by steam escaping from the radiator, which was "permanently mounted" on the car. This strained construction of the statute is untenable. It is a fundamental rule of statutory construction that where the language of a statute is clear and unambiguous, no judicial interpretation is warranted. *Victorson v Dep't of Treasury,* 439 Mich 131, 137; 482 NW2d 685 (1992). The Legislature is presumed to have intended the meaning plainly expressed in a statute. *Wilson v League General Ins Co,* 195 Mich App 705, 709; 491 NW2d 642 (1992).

Here, the statutory language is plain: the injury must be "a direct result of physical contact with equipment permanently mounted on the vehicle." Plaintiff's interpretation of § 3106 was rejected by the Supreme Court in *Winter, supra.* "[T]he injury must directly result from actual physical contact between the injured person and the equipment." 433 Mich 459.

> [T]his . . . interpretation accords the term "direct" the meaning that the Legislature intended in enacting § 3106(1)(b). If the Legislature had intended broader coverage, it could easily have used the phrase "arising out of" rather than "was a direct result of." The former phrase would connote coverage in the absence of physical contact between the injured person and the injury-producing instrument. Moreover, insertion of the word "physical" in the subsection fortifies a legislative intent that the injured person's body must come into contact with the equipment. Once again, had the Legislature not intended this requirement, it could have stated simply that benefits were recoverable if the equipment "caused" the injury. The Legislature's choice of terminology was deliberate, and

this Court must give it the effect dictated by the language and the purpose of the provision. [*Id.* at 459-460.]

Plaintiff's injuries were not caused by the radiator, but by the escaping steam. Under *Winter,* § 3106(b) does not entitle him to benefits.

Reversed. No costs or attorney fees, a question of first impression being involved.