*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KAREN LOUISE BELLMORE,

        Plaintiff-Appellee,

v

FRIENDLY OIL CHANGE, INC.,

        Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

FOR PUBLICATION
May 12, 2022
9:15 a.m.

No. 357660
Wayne Circuit Court
LC No. 20-010926-NF

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

CAVANAGH, J.

Defendant, State Farm Mutual Automobile Insurance Company, appeals by leave granted an order granting plaintiff's motion for partial summary disposition, holding that plaintiff's claimed injuries arising from a fall into a service pit at an oil change station are compensable under the Michigan No-Fault Act, MCL 500.3101 *et seq*. We reverse and remand for entry of an order granting summary disposition in favor of defendant.

-1-

# I. BACKGROUND FACTS

On May 21, 2019, plaintiff went to Friendly Oil Change, Inc. to have her vehicle's oil and filters changed. Plaintiff's friend, Gregory Vasquez, was driving her vehicle and she was a passenger. At the service facility, Vasquez pulled in and stopped over a service pit. After the service technician began working on her vehicle, plaintiff was asked to look at a filter the technician thought needed changing. As plaintiff followed the technician toward her vehicle, she saw the service pit area which was bordered by a yellow-shaded area. She did not know why there was a yellow-shaded area around the pit. Plaintiff testified in her deposition that, as she got close to the front of her vehicle, while in the yellow-shaded area, she slipped and fell into the service pit. Plaintiff did not know what she slipped on; she was not looking down when she fell because she was watching the technician. However, in the recorded statement plaintiff made when she reported the incident to defendant, plaintiff stated that she did not slip or trip on anything before she fell. In her deposition, plaintiff testified that she was reaching for, but not touching, her vehicle when she fell into the service pit and sustained injuries. In the recorded statement plaintiff made when she reported the incident to defendant, plaintiff stated that she had no contact with her vehicle before she fell.

Plaintiff filed this action against defendant seeking personal injury protection (PIP) benefits under the no-fault act.[1] Subsequently, plaintiff filed a motion for partial summary disposition, arguing that—as a matter of law—her injuries "arose out of the maintenance of a motor vehicle as a motor vehicle and/or arose out of the use of a motor vehicle as a motor vehicle that was parked in such a way as to cause unreasonable risk of bodily injury which occurred . . . ." In other words, plaintiff argued that she was entitled to PIP benefits under MCL 500.3105(1) or, in the alternative, under MCL 500.3106(1)(a). Plaintiff argued that she was engaged in the "maintenance" of her motor vehicle because the service technician was going to show her why she needed a new filter for her vehicle when she fell into the service pit. In the alternative, plaintiff argued, her vehicle should have been parked all the way over the service pit and, because it was not, the vehicle was parked in such a way as to cause unreasonable risk of bodily injury. In support of her motion, plaintiff presented screenshot photographs taken from the surveillance videotape of Friendly Oil Change, which showed her just before and just after her fall into the service pit.

Defendant filed a response opposing plaintiff's motion for partial summary disposition and a cross motion for summary disposition, arguing that plaintiff was not entitled to PIP benefits because she was not performing maintenance on her vehicle at the time she allegedly sustained injuries and the vehicle was not parked in such a way as to cause unreasonable risk of bodily injury which occurred. In particular, defendant argued that the causal connection between plaintiff's alleged injuries and the maintenance of the vehicle was no more than incidental, fortuitous, or "but for." That is, plaintiff's accident that caused her injuries could have occurred whether or not the maintenance was being performed on her vehicle. Further, defendant argued, plaintiff's vehicle was not parked over the service pit by Vasquez in such a way as to cause unreasonable risk of bodily injury which occurred. That is, plaintiff's vehicle was parked in a manner, location, and

---

[1] Plaintiff also sued Friendly Oil Change, Inc. under premises liability and negligence theories but those claims are not relevant to this appeal.

fashion that was reasonable because plaintiff had ample opportunity to observe, react to, and avoid any purported hazard posed by her vehicle being positioned over a service pit for an oil change—a service pit she knew about because she had gone to this same facility for oil changes for several years. In support of defendant's arguments, it presented several screenshot photographs taken from the surveillance videotape of Friendly Oil Change, which showed plaintiff before and after her fall into the service pit. Defendant also submitted as exhibits to its brief the transcripts of plaintiff's deposition testimony, the deposition testimony of Gregory Vasquez, and the deposition testimony of the service technician, as well as plaintiff's recorded statement made to defendant to report her claim.

After oral arguments were held on the parties' motions, the trial court issued its opinion holding that plaintiff was engaged in the maintenance of her vehicle at the time of her injury. The court noted that after plaintiff's vehicle was driven over a service pit, "[s]he exited her vehicle and fell into the service pit, causing her injuries."[2] The trial court cited to the case of *Woodring v Phoenix Ins Co*, 325 Mich App 108; 923 NW2d 607 (2018) (where the plaintiff was washing her vehicle at a self-serve car wash when she slipped and fell), and found that the facts of this case were similar in that "both parties were engaged in the maintenance function at the time of the injury; the injury was connected to an essential function of the maintenance of the vehicle, and that is changing - - oil change and filter change at the time; and the falls were connected to the nature of the service area itself." And, the trial court noted, although plaintiff was not herself performing the maintenance on her vehicle—as the plaintiff in *Woodring* was—she was eligible for PIP benefits as explained in *McMullen v Motors Ins Corp*, 203 Mich App 102; 512 NW2d 38 (1993), which, the trial court stated, held "that a passerby who is injured as a direct result of automobile maintenance performed by someone else is still eligible for no-fault benefits, pursuant to MCL 500.3105." Thus, the trial court concluded that the parked vehicle exception set forth at MCL 500.3106 is not applicable but, if it were, the trial court held, plaintiff would still be eligible for PIP benefits because the vehicle was "parked in such a way as to expose a portion of the service pit, which plaintiff fell into." Accordingly, the trial court granted plaintiff's motion for partial summary disposition, concluding that plaintiff was entitled to no-fault benefits. An order was entered consistent with the trial court's opinion. After defendant's motion for reconsideration was denied on the grounds that it merely presented the same issues already ruled upon and did not demonstrate palpable error, this appeal followed.

## II. ANALYSIS

Defendant argues on appeal that plaintiff was not entitled to PIP benefits because her injuries did not arise out of the maintenance of her vehicle; rather, her injuries were caused by a fall and that fall occurred because she was not watching where she was walking. Further, the parked-vehicle exclusion, MCL 500.3106(1), bars plaintiff's claim for PIP benefits because her vehicle was not parked in such a way as to cause unreasonable risk of bodily injury which occurred.

---

[2] The trial court clearly erred if it meant that plaintiff immediately fell into the service pit upon exiting her vehicle; it is undisputed that she did not.

A. STANDARD OF REVIEW

A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Although unclear, it appears that plaintiff sought summary disposition under both MCR 2.116(C)(8) and (C)(10). The trial court did not specify under which subrule it granted summary disposition but the parties relied on documents outside the pleadings so we review the court's decision under MCR 2.116(C)(10). See *Spiek v Mich Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998); *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). The pleadings, affidavits, depositions, and other documentary evidence is reviewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists for the jury to decide. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). If reasonable minds could differ on an issue, a genuine issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Further, this Court reviews issues of statutory interpretation de novo as questions of law. *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

B. MCL 500.3105(1)

MCL 500.3105(1) provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

In this case, plaintiff claimed her injuries arose out of the maintenance of her motor vehicle as a motor vehicle and the trial court agreed.

First, we address whether "maintenance" was being performed at the time plaintiff sustained her claimed injuries. Historically, the term "maintenance" has been given a liberal construction to advance the purposes of the no-fault act which is remedial in nature. See e.g., *Woodring*, 325 Mich App at 111-112 (washing a vehicle is maintenance); *Musall v Golcheff*, 174 Mich App 700, 704; 436 NW2d 451 (1989)[3] (washing a vehicle is maintenance); *Yates v Hawkeye-Security Ins Co*, 157 Mich App 711, 714; 403 NW2d 208 (1987) (preparing to tow a disabled vehicle is maintenance); *Wagner v Mich Mut Liability Ins Co*, 135 Mich App 767, 773-774; 356 NW2d 262 (1984) (heating oil pan to start vehicle is maintenance). Further, the injured person need not have been actually performing the maintenance that gave rise to the injury. See *McMullen*, 203 Mich App at 103, 107 (passerby burned by hot water and steam when vehicle owner opened radiator cap for purposes of maintenance was entitled to PIP benefits). Here,

---

[3] We recognize that this case and others decided before November 1, 1990 are not binding precedent on this Court, MCR 7.215(J)(1); however, they still hold value and are traditionally regarded as retaining some authority if not disputed by a contemporaneous case. *Woodring*, 325 Mich App at 114.

plaintiff's vehicle was at Friendly Oil Change for the purpose of having the oil and filters changed. It appears that the service technician was in the process of changing a filter of some kind when he asked plaintiff to come and look at that filter. Thus, considering the broad definition of the term "maintenance," we tend to agree with the trial court that "maintenance" within the contemplation of the statute was being performed on plaintiff's vehicle by the service technician.

Next, we consider whether plaintiff's claimed injuries arose out of that maintenance of her vehicle. Whether a plaintiff's injuries can be deemed as "arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle" depends on the unique facts of each case, and thus, is determined on a case-by-case basis. *Musall*, 174 Mich App at 702. In *Thornton v Allstate Ins Co*, 425 Mich 643, 659-660; 391 NW2d 320 (1986), our Supreme Court explained that the "arising out of" language of MCL 500.3105(1) required that there be a causal connection between the claimed injuries and the use of a motor vehicle as a motor vehicle that was more than incidental, fortuitous, or "but for." The involvement of the vehicle in the injury "should be directly related to its character as a motor vehicle." *Id*. at 659 (quotation marks and citation omitted). Likewise, when a plaintiff is claiming that injuries arose out of the *maintenance* of the plaintiff's vehicle, there must be a causal connection between the claimed injuries and the maintenance of the vehicle that is more than incidental, fortuitous, or "but for." *Woodring v Phoenix Ins Co*, 501 Mich 883; 901 NW2d 887 (2017); *Musall*, 174 Mich App at 703.

Here, plaintiff's claimed injuries did not arise out of the maintenance of her vehicle. Plaintiff's motor vehicle was merely incidental to the circumstances. As defendant argues, the cause of plaintiff's injuries was her fall into the service pit. And plaintiff's fall into the service pit was not in any way a direct result of the maintenance being performed on her vehicle. In other words, the performance of maintenance on plaintiff's vehicle did not directly cause plaintiff to fall into the service pit and sustain injuries. Unlike in the cases of *Woodring*, 325 Mich App 108, and *McMullen*, 203 Mich App 102—which were relied on by the trial court, in this case no condition created by the maintenance being performed caused plaintiff's injuries. The filter that plaintiff was being asked to look at did not cause plaintiff to fall into the service pit. And the fact that plaintiff was asked to look at the filter by the service technician did not cause plaintiff to fall into the service pit. Rather, it was plaintiff's lack of attention to where she was walking that caused her to fall into the service pit and sustain injuries. Even if plaintiff did slip on something before falling as she claimed in her deposition, there was no evidence that the slippery substance came from the filter or plaintiff's vehicle. "The no-fault act was not designed to compensate all injuries occurring in or around a motor vehicle." *Rajhel v Auto Club Ins Ass'n*, 145 Mich App 593, 595; 378 NW2d 486 (1985). In short, plaintiff's claimed injuries did not arise out of the maintenance of her vehicle because the connection between plaintiff's claimed injuries and the maintenance of her motor vehicle was no more than "but for," incidental, or fortuitous. See *Thornton*, 425 Mich at 659-660. Therefore, the trial court's order granting plaintiff's motion for partial summary disposition on this ground is reversed.

## C. MCL 500.3106(1)

MCL 500.3106 provides:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

In this case, plaintiff claimed that even if her injuries did not arise out of the maintenance of her vehicle, the parked vehicle exception, MCL 500.3106(1)(a), applied because her injuries arose out of the use of her parked vehicle as a motor vehicle and her vehicle was parked in such a way as to cause unreasonable risk of bodily injury which occurred. The trial court agreed.

First, we address the issue whether plaintiff's vehicle was "parked" within the contemplation of this exception to the parked vehicle exclusion of the no-fault act. As this Court discussed in *Woodring*, 325 Mich App at 120-121, the word "parked" is not defined in the no-fault act, and "a vehicle is not necessarily parked just because it is stopped, halted, standing, or otherwise not presently in motion." In this case, plaintiff's vehicle was inside a vehicle service facility—Friendly Oil Change—for the purpose of getting the oil and filter changed, i.e., maintenance. Plaintiff's vehicle was positioned over a service pit to allow the service technician access to the underside of plaintiff's vehicle so that the requested maintenance could be performed. Plaintiff argued that, if her vehicle had completely covered the service pit, she would not have fallen into the service pit. Plaintiff is, therefore, actually contesting the *positioning* of her vehicle over a service pit during the performance of the maintenance she had requested for her vehicle. Essentially, plaintiff is claiming that the manner in which her vehicle was positioned over the service pit—with a gap large enough for a person to fall through and into the pit—posed an unreasonable risk of injury. Under these circumstances we conclude that plaintiff's vehicle was not "parked" for purposes of the no-fault act; thus, plaintiff's injuries did not arise out of the use of a parked vehicle as a motor vehicle under MCL 500.3106(1). Again, the "no-fault act was not designed to compensate all injuries occurring in or around a motor vehicle." *Rajhel*, 145 Mich App at 595. Therefore, the trial court's conclusion that plaintiff would also be entitled to PIP benefits under this parked vehicle exception was erroneous.

## III. CONCLUSION

Plaintiff is not entitled to PIP benefits under the circumstances of this case.

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan