BRAUN v CITIZENS INSURANCE COMPANY

Docket No. 68395. Submitted December 10, 1982, at Lansing.—Decided April 18, 1983.

Allen Braun was injured when he was pinned between an automobile and the tow truck which had just pulled his uninsured automobile out of a snowdrift. Braun's car was partially in the traffic lane but mostly on the shoulder of the road, with the lights and emergency flashers on and the engine running, when the other vehicle hit Braun's car, then him and then the tow truck. Braun filed suit against Citizens Insurance Company, the no-fault insurer of the tow truck, in Oakland Circuit Court seeking personal injury protection benefits under the no-fault automobile insurance act. The court, Richard D. Kuhn, J., found that plaintiff was not entitled to the benefits because his uninsured vehicle was involved in the accident and because his car had been unreasonably parked. A judgment of no cause of action was entered in favor of Citizens. Braun appealed, and the Court of Appeals affirmed in an unpublished per curiam opinion. Braun sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration, 414 Mich 972 (1982). *Held:*

Although the "but for" causal analysis employed by the Court of Appeals in its original decision in this case has been held by the Supreme Court to be inappropriate in cases such as this, there was no error on the part of the trial court's finding that plaintiff's vehicle was involved in the accident because it was parked in such a way as to cause unreasonable risk of the bodily injury which occurred. The trial court's judgment of no cause of action is affirmed.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 354, 357.

Validity of exclusion in automobile insurance policy precluding recovery of no-fault benefits for injuries arising out of the ownership, maintenance, or use of an uninsured vehicle owned by an insured. 18 ALR4th 632.

INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORISTS.

> The owner of an uninsured motor vehicle which is being used as
> a motor vehicle and which is involved in an accident with an
> insured vehicle may not recover personal protection insurance
> benefits from the no-fault insurer of the other vehicle; however,
> where the uninsured vehicle is not in use as a motor vehicle at
> the time of the accident, but, rather, is like other stationary
> roadside objects which can be involved in vehicle accidents, the
> uninsured owner may recover personal protection insurance
> benefits from the insurer of the insured vehicle unless one of
> the three stated exceptions to the parked vehicle provision of
> the no-fault act applies (MCL 500.3106[1], 500.3113; MSA
> 24.13106[1], 24.13113).

*Yuille, Zeleznik, Plourde & Russell* (by *Bruce H. Yuille),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *George H. Gotshall* and *Mary Ann Zito),* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and ALLEN, JJ.

V. J. BRENNAN, J. By order of the Supreme Court, 414 Mich 972 (1982), this matter is remanded to us for reconsideration in light of the Supreme Court's recent opinion in *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139; 324 NW2d 1 (1982).

This case involves an automobile accident. As the plaintiff was driving his uninsured automobile down an icy road, the automobile went off the road and into a snowdrift. A tow truck pulled the automobile from the snowdrift. The automobile was then partially in the traffic lane, but mostly on the shoulder of the road, and the tow truck was ahead of the automobile by approximately ten feet. Plaintiff, who had been inside his automobile steering it, left the automobile to help replace some towing equipment on the tow truck. Plaintiff

left the lights on, the emergency flashers flashing and the engine running on his automobile. As plaintiff stood behind the tow truck, a third vehicle struck the plaintiff's automobile and then struck the plaintiff and the tow truck. The plaintiff was pinned between the third party's vehicle and the tow truck.

After a bench trial, the trial court found that, because plaintiff's uninsured motor vehicle was "involved" in the accident in which plaintiff was injured and because plaintiff's car was unreasonably parked, plaintiff was not entitled to personal protection insurance (PIP) benefits from the insurer of the tow truck. Plaintiff appealed as of right the trial court's judgment of no cause of action contending that his uninsured vehicle was not "involved" in the accident and that his vehicle was not unreasonably parked.

We affirmed the judgment of the trial court and relied upon *Heard v State Farm Mutual Automobile Ins Co,* 93 Mich App 50; 286 NW2d 46 (1979), in finding that plaintiff's automobile was "involved" in the accident and that by operation of MCL 500.3113; MSA 24.13113 plaintiff was not entitled to PIP benefits. We found that plaintiff's automobile was "involved" because if plaintiff had not been operating the uninsured vehicle the accident would not have occurred. *Braun v Citizens Ins Co,* (Docket No. 77-4274, decided March 6, 1980 [unreported]).

On September 13, 1982, the Supreme Court issued its opinion in *Heard, supra.* In that case, the plaintiff was struck by an automobile insured by the defendant while he was pumping gasoline into his own uninsured vehicle. Plaintiff brought a suit against the defendant for PIP benefits for injuries he suffered from the accident. The trial

court granted the defendant's motion for summary judgment on the basis that plaintiff's vehicle was "involved" in the accident within the meaning of § 3113, that section of the no-fault act that precludes recovery of PIP benefits if a person is the owner of an uninsured motor vehicle "involved" in an accident.[1] The Court of Appeals affirmed the trial court's findings. The Supreme court reversed:

"We reverse and remand for trial because we are of the opinion that a parked vehicle is not 'involved in the accident' unless one of the exceptions to the parked vehicle provision (§ 3106) is applicable. Those exceptions spell out when a parked vehicle is deemed to be in use as a motor vehicle; '[e]ach exception pertains to injuries related to the character of a parked vehicle *as a motor vehicle*—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents'. *Miller v Auto-Owners Ins Co,* 411 Mich 633, 640; 309 NW2d 544 (1981). (Emphasis supplied.)

"At the time of the accident, Heard's vehicle was not in use as a motor vehicle; rather, it was like 'other stationary roadside objects that can be involved in vehicle accidents'. Heard was entitled to PIP benefits from State Farm. § 3115(1)(a)." (Footnotes omitted.) *Heard, supra,* pp 144-145.

It is clear after reviewing the Supreme Court's opinion in *Heard* that it controls here. We found, relying upon the law as it existed then, that plaintiff's vehicle was "involved" in the accident because the accident would not have occurred but

---

[1] MCL 500.3113; MSA 24.13113, provides in part:

"Sec. 3113. A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\*    \*    \*

"(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect."

for the fact that plaintiff had been operating an uninsured vehicle, even though plaintiff was not operating the vehicle at the time of the collision but was standing several feet from the automobile. The Supreme Court in *Heard* pointed out that a "but for" causal analysis is not appropriate in these cases. A parked uninsured vehicle is like a tree or pole for purposes of the no-fault act and is, therefore, not "involved" in the accident for purposes of § 3113 unless one of the exceptions to the parked vehicle provision (§ 3106) is applicable. *Heard, supra,* pp 144, 147-149. In *Heard,* § 3106 did not apply.

However, we do not reverse our previous affirmance of the trial court's judgment of no cause of action. In our previous decision, we did not reach the issue of whether the trial court erred in finding that plaintiff's vehicle was "involved" in the accident because plaintiff's "vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred", MCL 500.3106(1)(a); MSA 24.13106(1)(a). After considering the issue now, we find that there was no error on the part of the trial court and we affirm the trial court's judgment of no cause of action.

Section 3106(1)(a) states:

"Sec. 3106. (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred."

The Supreme Court in *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639-641; 309 NW2d 544 (1981), stated the following regarding the above section:

"The policy underlying the parking exclusion is not so obvious but, once discerned, is comparably definite. Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle.* Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle *as a motor vehicle* that would bear on the accident.

"The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents.

"Section 3106(a) which excepts a vehicle parked so as to create an unreasonable risk of injury, concerns the act of parking a car, which can only be done in the course of using the vehicle as a motor vehicle, and recognizes that the act of parking can be done in a fashion which causes an unreasonable risk of injury, as when the vehicle is left in gear or with one end protruding into traffic.

\* \* \*

"Each of the exceptions to the parking exclusion thus describes an instance where, although the vehicle is parked, its involvement in an accident is nonetheless directly related to its character as a motor vehicle. The underlying policy of the parking exclusion is that, except in three general types of situations, a parked car is not involved in an accident *as a motor vehicle.*" (Footnotes omitted.)

Thus, a parked vehicle can be "involved" in the accident, and the injured uninsured owner is not entitled to PIP benefits pursuant to § 3113, where the vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred. In the present case, after a full bench trial, the trial court concluded that "plaintiff's injuries arose from the use of his own vehicle as that term

is defined in MCL 500.3106(1)(a) * * *". We have reviewed the trial court's findings of fact and conclusions of law and find that they are not clearly erroneous. *Phardel v State of Michigan,* 120 Mich App 806; 328 NW2d 108 (1982). Therefore, while our first decision was based upon the "but for" causal analysis, which analysis because of *Heard* cannot now be used, we still affirm the judgment of the trial court on the basis that plaintiff's automobile was "involved" in the collision because the vehicle was parked in such a way as to cause an unreasonable risk of the bodily injury which occurred. MCL 500.3106(1)(a); MSA 24.13106(1)(a).

Affirmed.