## WILLIAMS v ALLSTATE INSURANCE COMPANY

Docket No. 76619. Submitted November 21, 1984, at Detroit.—Decided April 18, 1985.

Plaintiff, Leo Williams, was driving his uninsured vehicle when it stalled. With the aid of another motorist, plaintiff pushed his vehicle to the shoulder of the expressway, however, the disabled and unlighted vehicle was left with at least two to three feet protruding into the traveled portion of the expressway. Plaintiff was injured when a car insured by defendant, Allstate Insurance Company, struck the portion of plaintiff's car protruding into the expressway and propelled it into plaintiff, causing him bodily injury. Plaintiff then sought personal protection insurance benefits in the Wayne Circuit Court. The trial court, Irwin H. Burdick, J., granted the defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appeals from that order. *Held:*

1. The trial court did not err in ruling as a matter of law that plaintiff's vehicle "was parked in such a way as to cause unreasonable risk of the bodily injury which occurred". Plaintiff's vehicle was, therefore, "involved in the accident" and was thus not entitled to personal protection insurance benefits.

2. The trial court did not err, under the circumstances, in deciding the applicability of § 3106[1][a], regarding parked vehicles, as a matter of law.

Affirmed.

1. Automobiles — No-Fault Benefits — Uninsured Motorists.

The owner of a motor vehicle which is not insured under the no-fault act may not recover personal protection insurance benefits from the no-fault insurer of the other vehicle involved in an accident where the uninsured owner's vehicle was "involved in the accident" (MCL 500.3107, 500.3113[b]; MSA 24.13107, 24.13113[b]).

References for Points in Headnotes

[1, 2] Am Jur 2d, Automobile Insurance §§ 340-368.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

2. AUTOMOBILE — NO-FAULT BENEFITS — PARKED VEHICLE EXCEP-
    TIONS.
    A parked vehicle is not "involved in the accident" under the no-
    fault act's section regarding persons not entitled to personal
    protection insurance benefits unless one of the exceptions pro-
    vided in the act's section regarding parked vehicles is applica-
    ble; an exception to the parked vehicle exclusion is provided
    where the vehicle was parked in such a way as to cause
    unreasonable risks of the bodily injury which occurred (MCL
    500.3106, 500.3113[b]; MSA 24.13106, 24.13113[b]).

*Glotta, Adelman, Dinges & Riley, P.C.* (by *Richard M. Skutt*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Eric A. Andrzejak*), for defendant.

Before: T. M. BURNS, P.J., and SHEPHERD and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff commenced this action for personal injury protection (PIP) benefits. MCL 500.3107; MSA 24.13107. Both parties filed motions for summary judgment under GCR 1963, 117.2(3). On January 31, 1984, the trial court granted summary judgment in favor of defendant and denied plaintiff's motion for summary judgment. Plaintiff appeals as of right.

The issue in this case is whether plaintiff's uninsured motor vehicle was "involved in the accident" within the meaning of MCL 500.3113(b); MSA 24.13113(b), thereby precluding him from obtaining PIP benefits from defendant.

The accident occurred on November 13, 1982, at approximately 2:30 a.m. Plaintiff was driving his uninsured automobile on I-275 when the car stalled, leaving it without mechanical or electrical power. Another motorist stopped and assisted plaintiff in moving the car to the right shoulder of

* Circuit judge, sitting on the Court of Appeals by assignment.

the highway; however, it is undisputed that two to three feet of the car extended into the traveled portion of the right lane. Plaintiff was standing in front of his automobile when a car insured by defendant struck the portion of plaintiff's car which extended into the right lane and propelled it into plaintiff, causing him bodily injury.

Since plaintiff's vehicle was not insured under the no-fault act, plaintiff is not entitled to collect PIP benefits from defendant if his motor vehicle was "involved in the accident". *Heard v State Farm Mututal Automobile Ins Co,* 414 Mich 139, 145; 324 NW2d 1 (1982), MCL 500.3113(b); MSA 24.13113(b). A parked vehicle is not "involved in the accident" under the statute unless one of the exceptions to the parked vehicle provision (MCL 500.3106; MSA 24.13106) is applicable. *Heard, supra,* p 144. Under § 3106(1)(a), an exception to the parked vehicle exclusion is provided where "[t]he vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred". In the present case the trial court found § 3106(1)(a) applicable and concluded that plaintiff's uninsured vehicle was "involved in the accident", thereby precluding him from obtaining PIP benefits. *Braun v Citizens Ins Co,* 124 Mich App 822; 335 NW2d 701 (1983). We affirm.

Plaintiff argues for the first time on appeal that whether § 3106(1)(a) applies is a genuine question of material fact and not a proper matter for summary judgment. In *Autry v Allstate Ins Co,* 130 Mich App 585; 344 NW2d 588 (1983), a panel of this Court drew an analogy to *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), and determined that whether a motor vehicle "was parked in such a way as to cause unreasonable risk of the bodily injury which occurred" within the meaning of § 3106(1)(a) is an issue of statutory

construction to be decided by the court. Judge M. J. KELLY dissented, finding that the issue must be submitted to the finder of fact.

We find it unnecessary to reslove this question in the instant case. Both parties moved for summary judgment under subrule 117.2(3). Plaintiff expressly argued that there was no disputed issue of material fact and urged the trial court to rule as a matter of law in his favor. Plaintiff at no time asserted the existence of a question of material fact in the trial court. Under these circumstances, we hold that the trial court did not err in deciding the applicability of § 3106(1)(a) as a matter of law.

It is undisputed that plaintiff's disabled and unlighted vehicle was left with at least two to three feet of the car protruding into the traveled portion of the expressway. The accident occurred during the early morning hours and there were no artificial lights covering this portion of the roadway. We conclude that the trial court did not err in ruling as a matter of law that plaintiff's vehicle "was parked in such a way as to cause unreasonable risk of the bodily injury which occurred". Plaintiff's uninsured vehicle was therefore "involved in the accident", and plaintiff is not entitled to PIP benefits. *Braun v Citizens Ins Co, supra.* MCL 500.3113(b); MSA 24.13113(b).

Affirmed.