MACK v THE TRAVELERS INSURANCE COMPANY

Docket No. 117390. Submitted May 8, 1991, at Detroit. Decided
    February 3, 1992, at 9:00 A.M.
        Albert Mack brought an action in the Washtenaw Circuit Court
        against The Travelers Insurance Company, seeking no-fault
        benefits for injuries he sustained in a parking lot when a van
        driven by an insured of the defendant backed into the plain-
        tiff's parked and uninsured automobile, pinning him between
        the vehicles as he stood in front of his automobile, pouring oil
        into its motor. The court, Edward D. Deake, J., on facts stipu-
        lated by the parties, granted summary disposition for the
        defendant, ruling that the plaintiff was not entitled to personal
        protection insurance benefits because he was an owner of an
        uninsured vehicle involved in the accident while it was under-
        going maintenance, MCL 500.3113(b); MSA 24.13113(b), and
        because his automobile had been parked in such a way as to
        cause an unreasonable risk of injury, MCL 500.3106(1)(a); MSA
        24.13106(1)(a). The plaintiff appealed.
            The Court of Appeals *held:*
            1. Pursuant to § 3113(b), a person is not entitled to personal
        protection insurance benefits for accidental bodily injury if at
        the time of the accident the person was the owner or registrant
        of an uninsured motor vehicle involved in the accident.
            2. A parked vehicle is not involved in an accident for pur-
        poses of § 3113(b) unless it comes within one of the exceptions
        provided in § 3106, which includes an exception for a vehicle
        parked in such a way as to cause unreasonable risk of the
        bodily injury that occurred.
            3. The trial court in this case erred in determining that the
        plaintiff's uninsured automobile was involved in the accident.
        The plaintiff's injuries did not result from the maintenance or
        use of his automobile as a motor vehicle, but resulted from the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 354-356.
Effect of statutory exclusion, from personal injury protection of no-
    fault insurance coverage, of owner, registrant, or occupant of
    uninsured vehicle. 27 ALR4th 176.

operation and use of the van, which was insured by the defendant, as a motor vehicle.

4. Because the plaintiff's automobile was properly parked within a space in the parking lot, it was not parked in such a way as to cause unreasonable risk of bodily injury and cannot be deemed to have been involved in the accident.

Reversed.

INSURANCE — NO-FAULT — UNINSURED MOTORISTS — PARKED VEHICLES.

A person who was struck by a moving and insured motor vehicle and was pinned against his own parked and uninsured motor vehicle while pouring oil into its motor was entitled to personal protection insurance benefits from the insurer of the moving vehicle because, under the no-fault act, the accident did not arise out of the use or maintenance of the uninsured vehicle as a motor vehicle, but from the operation and use of the insured vehicle as a motor vehicle (MCL 500.3106[1][a], 500.3113[b]; MSA 24.13106[1][a], 24.13113[b]).

*Rains, Block & Ettlinger* (by *Roger J. Ettlinger*), for the plaintiff.

*Gofrank & Kelman* (by *Thomas M. Douglas*), for the defendant.

Before: REILLY, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

REILLY, P.J. Plaintiff appeals as of right from an order of the Washtenaw Circuit Court granting defendant's motion for partial summary disposition of this action, which was based on stipulated facts, MCR 2.116(A). We reverse.

On the morning of May 6, 1986, when plaintiff noticed that the oil light in his car was on, he drove to an auto supply store to purchase oil. The parking lot at the store had four rows of parking spaces, one abutting the store, two in the middle, and one abutting the street. When plaintiff drove into the parking lot, there were no other cars in the lot. He parked in a space in the middle row

closest to the store. The yellow lines marking the parking space on each side of the car extended about one foot past the front bumper, which faced the traffic lane.

After plaintiff bought six quarts of oil, he returned to the parking lot and attempted to add oil to his car. As plaintiff leaned on the front bumper of the car to pour the oil into a funnel, a van driven by Michael Ekerly, who was insured by defendant, The Travelers Insurance Company, backed up from a space in the row in front of the store and pinned plaintiff between the rear bumper of the van and the front bumper of plaintiff's car. Plaintiff suffered serious injuries to his left leg.

The vehicle driven by plaintiff was not insured and neither plaintiff nor anyone in his family was covered by an automobile insurance policy on the date of the accident. Plaintiff, therefore, sought to recover first-party benefits from defendant, the insurer of the driver who struck him.

Defendant brought a motion for summary disposition claiming that, under § 3113(b) of the no-fault act, plaintiff was not entitled to benefits because he was an owner or registrant of an uninsured vehicle that was involved in the accident. MCL 500.3113(b); MSA 24.13113(b). The trial court agreed, finding that plaintiff was excluded from coverage under § 3113(b) because at the time of the accident plaintiff's uninsured vehicle was involved in the accident. The court found that plaintiff was "maintaining" his car and that the injury therefore resulted from the use of the uninsured vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). The court also found that plaintiff was not entitled to benefits under MCL 500.3106(1)(a); MSA 24.13106(1)(a) because his car was parked in such a way as to cause an unreasonable risk of

bodily injury, and therefore his uninsured vehicle would be deemed to be "involved" in the accident.

The issue presented on appeal is whether plaintiff's uninsured automobile was "involved in the accident" so as to preclude his recovery of no-fault benefits under MCL 500.3113(b); MSA 24.13113(b), which provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
> The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

A parked vehicle is not "involved in the accident" for purposes of § 3113(b) unless one of the statutory exceptions to the parked-vehicle provision, MCL 500.3106; MSA 24.13106, is applicable. *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139, 144; 324 NW2d 1 (1982); *Childs v American Commercial Liability Ins Co,* 177 Mich App 589, 592; 443 NW2d 173 (1989). The exceptions in § 3106 define when a parked vehicle is deemed to be in use as a motor vehicle. *Heard, supra* at 144. The only exception argued by the defendant is found in subsection 1(a), which provides:

> The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

We disagree with the assertion that because plaintiff was putting oil in his car at the time of the accident, his car was "involved in the accident" for the purposes of § 3113(b). We conclude

that *Heard* is controlling in this case. In *Heard,* the plaintiff was injured when he was struck by an automobile while he was pumping gasoline into his uninsured vehicle. The plaintiff in *Heard,* like the plaintiff in the present case, was pinned between his vehicle and the vehicle that struck him. *Heard, supra* at 143. The Court concluded that at the time of the accident, the plaintiff's vehicle was not in use as a motor vehicle, but was like other stationary roadside objects that can be involved in motor vehicle accidents. *Id.* at 145; MCL 500.3106(1)(a); MSA 24.13106(1)(a).

The Court considered whether the decision in *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981), required a different result. In *Miller,* the Court found that the plaintiff's injuries, which occurred while he was replacing his car's shock absorbers, involved the maintenance of his vehicle as a motor vehicle. The Court in *Miller* therefore concluded that the insured was entitled to compensation under § 3105 of the no-fault act, without regard to whether the vehicle was considered to be "parked" for the purposes of § 3106 at the time of the injury. *Id.* at 641.

The *Heard* Court distinguished *Miller,* noting:

> Where no fault liability arises from maintenance, the injury results from use of the vehicle as a motor vehicle, as when a battery or fuel line explodes or, as in *Miller,* a vehicle falls upon and injures a person. Heard's injury did not arise from the maintenance or use of an uninsured vehicle as a motor vehicle, but from the operation and use of the vehicle insured by State Farm as a motor vehicle. The only vehicle being used as a motor vehicle at the time of the accident was the vehicle insured by State Farm. Heard's vehicle was a "tree or pole" for purposes of the act. [414 Mich 154.]

On the basis of the reasoning in *Heard,* we conclude that the trial court erred in finding that plaintiff was precluded from recovering no-fault benefits because he was maintaining his car at the time of the accident. Plaintiff's injuries did not result from the maintenance or use of his vehicle as a motor vehicle, but resulted from the operation and use of the van which was insured by the defendant as a motor vehicle. *Heard, supra* at 154. Accordingly, the trial court erred in finding that plaintiff's vehicle was "involved in the accident."

We also conclude that the trial court erred in determining that plaintiff was not entitled to no-fault benefits because his vehicle was parked in such a way as to cause an unreasonable risk that he would be injured. Where the facts are not in dispute, it is the function of the trial court, as a matter of law, to determine whether the statutory exception provided by § 3106(1)(a) is applicable. *Wills v State Farm Ins Co,* 437 Mich 205, 212; 468 NW2d 511 (1991).

According to the undisputed facts, at the time of the accident, plaintiff's vehicle was properly parked within a parking space in the parking lot of the auto-parts store. With a foot to spare, plaintiff's car was prudently parked outside the flow of traffic. See *id.* at 211. Compare *Braun v Citizens Ins Co (On Remand),* 124 Mich App 822, 823; 335 NW2d 701 (1983) (automobile parked partially in the traffic lane); *Williams v Allstate Ins Co,* 144 Mich App 178, 181; 375 NW2d 8 (1985) (disabled vehicle parked with at least two to three feet of the car protruding into the traveled portion of the highway); and *Hackely v State Farm Mutual Automobile Ins Co,* 147 Mich App 115, 118; 383 NW2d 108 (1985) (rear portion of parked vehicle partially blocked the right-hand lane of the road).

The question whether plaintiff acted reasonably

in attempting to add oil to the car while it was parked in the parking lot is irrelevant to the determination of whether, at the time of the accident, the vehicle was in use as a motor vehicle or was like "other stationary roadside objects that can be involved in vehicle accidents." See *Heard, supra* at 145. Because plaintiff's car was properly parked within the parking space, we conclude as a matter of law that it was not parked in such a way as to cause unreasonable risk of bodily injury and, therefore, cannot be deemed to have been "involved in the accident" pursuant to MCL 500.3113(b); MSA 24.13113(b).

Reversed.