# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMIE PIKE,

       Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellee.

UNPUBLISHED
November 27, 2018

No. 336455
Wayne Circuit Court
LC No. 16-000062-NF

---

SYNERGY SPINE AND ORTHOPEDIC
SURGERY CENTER, LLC,

       Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellee.

No. 337192
Wayne Circuit Court
LC No. 16-013029-NF

---

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

These consolidated appeals concern whether plaintiff Jamie Pike's uninsured vehicle was "involved in the accident" giving rise to this dispute within the meaning of the no-fault act, MCL 500.3101 *et seq.* The trial court determined that the vehicle was involved in the accident and therefore granted defendant summary disposition of Pike's claim for personal protection insurance (PIP) benefits. For the same reason, the trial court granted defendant summary disposition of plaintiff Synergy Spine and Orthopedic Surgery Center, LLC's complaint to recover payment for treatment provided to Pike. Plaintiffs appeal the respective orders granting summary disposition. For the reasons stated below, we reverse the trial court's grant of summary disposition with respect to Pike, but affirm the order of summary disposition pertaining to Synergy.

-1-

# I. BACKGROUND

According to Pike's deposition testimony, she called Jeffrey Coates to examine her vehicle, which was "acting up." Coates, who "can fix vehicles somewhat," was able to get the vehicle "running." Coates decided to drive the vehicle to a friend's house for further diagnosis. Pike followed Coates, driving his vehicle. Neither vehicle was insured. The two vehicles stopped at a red light with Coates driving the lead car. As Pike and Coates were sitting at the red light, Pike's vehicle—driven by Coates—stalled. The light turned green and Pike waited behind Coates. Then Pike—driving Coates's vehicle—was rear-ended by a pickup truck driven by Mark Burkhardt. Coates's vehicle did not hit Pike's vehicle as a result of the impact from the pickup truck.

Pike suffered injuries requiring treatment as a result of the accident. Her claim for PIP benefits was assigned to defendant through the Michigan Assigned Claims Plan. Pike sued defendant after it refused to pay some of her claims. Defendant moved for summary disposition, arguing that Pike's uninsured vehicle was involved in the accident and she was therefore precluded from recovering PIP benefits. The trial court agreed and granted defendant summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Synergy sued defendant under the no-fault act to recover payment for treatment rendered to Pike. Defendant moved for summary disposition on the same grounds as it did in Pike's case. The trial court granted defendant's motion.

# II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (quotation marks and citation omitted). Whether a vehicle was involved in the accident for purposes of the no-fault act has consistently been reviewed de novo as a question of law. See *Witt v American Family Mut Ins Co*, 219 Mich App 602, 606; 557 NW2d 163 (1996).

# III. ANALYSIS

Plaintiffs argue that the trial court erred in granting defendant's motions for summary disposition because Pike's uninsured vehicle was not "involved in the accident" for purposes of MCL 500.3113(b). We agree.

MCL 500.3101(1) "requires the owner or registrant of a motor vehicle to carry insurance for personal protection, property protection, and residual liability. *Ardt v Titan Ins Co*, 233 Mich App 685, 689; 593 NW2d 215 (1999). Under MCL 500.3113(b),

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

      (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

Thus, "the owner of an uninsured motor vehicle is not entitled to personal protection insurance benefits for bodily injury resulting from an accident involving that vehicle." *Ardt*, 233 Mich App at 689. In order for a motor vehicle to be involved in the accident under the no-fault act,

> the motor vehicle, being operated or used as a motor vehicle, must actively, as opposed to passively, contribute to the accident. Showing a mere "but for" connection between the operation or use of the motor vehicle and the damage is not enough to establish that the vehicle is "involved in the accident." Moreover, physical contact is not required to establish that the vehicle was "involved in the accident," nor is fault a relevant consideration in the determination whether a vehicle is "involved in an accident." [*Turner v Auto Club Ins Ass'n*, 448 Mich 22, 39; 528 NW2d 681 (1995).]

      Plaintiffs rely on *Utley v Mich Mun Risk Mgmt Auth*, 454 Mich 879 (1997), which also involved a vehicle stopped at an intersection. In *Utley*, a truck had stopped for traffic. The plaintiff was riding a motorcycle behind the truck. The plaintiff "looked down at his speedometer. When he looked up again, [he] noticed the stopped truck and applied his brakes" at which point he "lost control of his motorcycle, which fell on its side and slid toward the truck." *Utley v Mich Mun Risk Mgmt Auth*, unpublished per curiam opinion of the Court of Appeals, issued April 26, 1996 (Docket No. 173391), p 2. This Court held that the truck was involved in the accident, and the Supreme Court reversed, stating: "On the facts in this case, the truck . . . was not 'involved' in the accident." *Utley*, 454 Mich 879.

      It is uncertain whether *Utley* constitutes binding precedent.[1] In any event, we find it instructive and applicable to this case. Like the truck in *Utley*, Pike's vehicle did not *actively* contribute to the accident when stopped at the intersection. The presence of Pike's vehicle was a passive cause because had the vehicle not been stationary, traffic would be moving and the accident would not have happened. However, a vehicle stopped at an intersection, at least one

---

[1] A Supreme Court order is binding precedent if it was "a final Supreme Court disposition of an application, and the order contains a concise statement of the applicable facts and the reason for the decision." *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993). Although the *Utley* order does not contain a concise statement of the facts, the Court's reference to the "facts in this case" indicates that similar factual scenarios should be decided in accordance with the Court's disposition in *Utley*.

that is not physically contacted,[2] does not have a sufficient causal connection to be considered an active cause of the accident.

The dissent distinguishes *Utley* on the ground that Pike's vehicle was stalled at the intersection rather than stopped "in the normal course of driving." *Utley*, unpub op at 2. We disagree that this is a material distinction. In *Utley*, the motorcycle rider failed to realize in time that the vehicle in front of him had stopped. Similarly, Burkhardt—the driver of the pickup truck in this case—did not notice that the vehicles ahead of him had not moved when the light turned green.[3] It does not matter why traffic was stopped because fault is irrelevant. *Turner*, 448 Mich at 39. What matters is whether the vehicle was an active rather than passive contribution to the accident. The stalled vehicle did not actively cause Burkhart to rear-end the vehicle driven by Pike.

As noted, Pike's vehicle was not physically contacted in the collision. Physical contact is not necessary, *Turner*, 448 Mich at 39, but that does not mean it is wholly irrelevant to determining whether the vehicle was involved in the accident. In a somewhat analogous case, *Auto Club Ins Ass'n v State Auto Mut Ins Co*, 258 Mich App 328, 339-340; 671 NW2d 132 (2003), this Court stressed the importance of physical contact in deciding whether the vehicle was involved in the accident. In that case, traffic was stopped at a construction zone. *Id*. at 330. A motorcycle "was unable to stop behind the line of vehicles" and collided with a pickup truck. *Id*. The question in that case was whether the vehicle in front of the truck was involved in the accident. *Id*. The trial court held that it was not, *id*. at 331, and this Court reversed. This Court first determined that there was a question of fact regarding whether the motorcycle collided with the vehicle. *Id*. at 335. From there, this Court concluded that, if such collision occurred, that would be sufficient to hold that the vehicle was involved in the accident. *Id*. at 339-341. Thus, in *Auto Club Ins Ass'n* the existence of physical contact was crucial to determining whether the stopped vehicle was involved in the accident. The absence of such contact is this case supports our conclusion that Pike's vehicle was not involved in the accident.

Defendant also argues that Pike's vehicle was involved in the accident because the vehicle was "parked in such a way as to cause unreasonable risk of the bodily injury which

---

[2] In *Utley*, it is unclear if the motorcycle made contact with the truck. But the phrase explaining that the motorcycle "slid toward the truck," *Utley*, unpub op at 2, suggests not.

[3] Section 627 of the Michigan Vehicle Code, MCL 257.1 *et seq*., provides in part:

> (1) A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed . . . having due regard to the traffic . . . and any other condition existing at the time. A person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead. [MCL 257.627(1).]

occurred" under MCL 500.3106(1)(a).[4] First, defendant failed to raise this argument below and therefore has waived appellate review of this issue. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) ("Michigan generally follows the 'raise or waive' rule of appellate review.") (citation omitted). Second, we cannot conclude that Pike's vehicle was "parked" when the accident occurred within seconds of the vehicle stalling. In the cases relied on by defendant, the disabled vehicle was moved toward the shoulder or curb of the road before it was considered parked.[5] In contrast, Pike and Coates had not decided what to do with the stalled vehicle because the accident happened almost instantaneously. Defendant fails to provide any authority supporting the position that a vehicle automatically becomes parked the instant that the engine stops operating.

To summarize, Pike's vehicle was not involved in the accident for purposes of MCL 500.3113(b) because there was no "active link" between Pike's injury and her vehicle. *Turner*, 448 Mich at 39. And to the degree that physical contact with the insured vehicle may alter that requirement, it is not relevant here as there was no contact between Pike's vehicle and the colliding vehicles. Therefore, the trial court erred in granting defendant summary disposition of Pike's complaint.[6]

Nonetheless, we agree with defendant that Synergy is barred from pursuing its complaint given *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), in which the Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant* was decided after the trial court granted summary disposition in this case, and therefore defendant could not have raised this issue below. But this Court has overlooked preservation requirements pertaining to *Covenant* arguments. *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336088); slip op at 2-3. Further, the *Covenant* holding applies retroactively to cases that were pending on direct appeal at the time *Covenant* was decided, *id*. at 2, as is the case here. Therefore, defendant is entitled to summary disposition of Synergy's complaint because Synergy does not have an independent cause of action against defendant under the no-fault act. We can affirm the trial court for reaching the right result for the wrong reason. *Coates v Bastian Brothers, Inc*, 276 Mich App 498, 508-509; 741 NW2d 539 (2007).

---

[4] In *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139, 144-145; 324 NW2d 1 (1982), the Supreme Court held that a parked vehicle is involved in an accident only when one of the parked-vehicle exceptions found in MCL 500.3106 applies.

[5] See *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 99-100; 670 NW2d 228 (2003), rev'd in part on other grounds sub nom *Stewart v Michigan*, 471 Mich 692; 692 NW2d 376 (2004); *Williams v Allstate Ins Co*, 144 Mich App 178, 179-180; 375 NW2d 8 (1985); *Braun v Citizens Ins Co*, 124 Mich App 822, 823; 335 NW2d 701 (1983).

[6] Given our ruling, we need not address plaintiffs' alternative argument that Coates's deposition testimony establishes a genuine issue of material fact regarding whether Pike's vehicle was present for the accident.

Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Jane M. Beckering
/s/ Douglas B. Shapiro