# Order

Michigan Supreme Court
Lansing, Michigan

June 7, 2019

158213

TAMARA WOODRING,
            Plaintiff-Appellee,

v

PHOENIX INSURANCE COMPANY,
            Defendant-Appellant.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC:  158213
COA:  324128
Muskegon CC:  14-049544-NI

On order of the Court, the application for leave to appeal the June 28, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I would grant the application and revisit this Court's opinion in *Miller v Auto-Owners Ins Co*, 411 Mich 633 (1981), which was disavowed in part by *Frazier v Allstate Ins Co*, 490 Mich 381 (2011).  In *Miller*, this Court held that an insured is entitled to compensation under the no-fault act, MCL 500.3101 *et seq*., for an injury sustained while performing "maintenance" of his or her vehicle without regard to whether the vehicle might be considered "parked" at the time of the injury.  The Court concisely explained:

> There is an apparent tension between these two sections [MCL 500.3105 and MCL 500.3106] of the no-fault act: requiring, on the one hand, compensation for injuries incurred in the maintenance of a vehicle [MCL 500.3105] but not requiring, on the other hand, compensation for injuries incurred in the maintenance of a *parked* vehicle, with three exceptions [MCL 500.3106].  Since most, if not all, maintenance is done while the vehicle is parked, and since the three exceptions appear addressed to circumstances unrelated to normal maintenance situations, a conflict appears.  [*Miller*, 411 Mich at 637-638.]

In *Miller*, the insurer invited the Court to "distinguish among parked vehicles according to whether they were parked involuntarily, as when a driver pulls onto the shoulder to repair a flat tire, or voluntarily, as in Miller's case."  *Id*. at 638.  Noting that "[s]uch a distinction, however, would often be difficult to draw," the Court declined to resolve the issue "solely by focusing on the term 'parked' . . . ."  *Id*.

I tend to agree with *Miller* that the insurer's argument in that case was not persuasive, mostly, in my view, because there is no statutory basis to distinguish between

cars parked voluntarily or involuntarily. But I disagree that the term "parked" should not be considered, and I certainly do not agree with *Miller*'s decision to ignore the term altogether ("Compensation is thus required . . . without regard to whether his vehicle might be considered 'parked' at the time of injury," *id*. at 641). The relevant common definition of "park" at the time was "to halt (one's vehicle) with the intention of not using it again immediately." *The Random House College Dictionary* (1975). There is clearly a temporal component to the term that suggests that the vehicle may continue to be used as a motor vehicle. But to hold, as did the Court in *Miller* and several other published cases, that a vehicle which cannot be operated is "parked" extends the term well beyond its ordinary meaning. So, in *Miller*, for instance, the plaintiff was severely injured when his automobile fell on his chest while he was attempting to replace a pair of shock absorbers. The vehicle was obviously not parked because it could not be driven at the time.

Consider some of the many cases in which an insured is injured while performing maintenance: *Mich Basic Prop Ins Ass'n v Mich Mut Ins Co*, 122 Mich App 420 (1983) (insured injured while removing an exhaust manifold); *Great American Ins Co v Old Republic Ins Co*, 180 Mich App 508 (1989) (insured injured while using cutting torch to cut off metal pins that were holding hydraulic cylinders in place); *Wagner v Mich Mut Liability Ins Co*, 135 Mich App 767 (1983) (insured injured while warming oil pan with charcoal fire); *Stanley v State Auto Mut Ins Co*, 160 Mich App 434 (1987) (insured injured by car falling off jack); *Yates v Hawkeye-Security Ins Co*, 157 Mich App 711 (1987) (insured injured preparing to tow disabled vehicle); *Kudek v Detroit Auto Inter-Ins Exch*, 100 Mich App 635 (1980), rev'd 414 Mich 956 (1982) (insured injured while working on wheel assembly when tire exploded); *Mack v Travelers Ins Co*, 192 Mich App 691 (1992) (insured injured while pouring oil into engine); *Hackley v State Farm Mut Auto Ins Co*, 147 Mich App 115 (1985) (insured injured while inspecting engine for cause of stalling).

In all these cases, the maintenance was being performed on inoperable vehicles at the time the insureds were injured. In my view, none of these vehicles were "parked" in the common sense of the term. In each circumstance, a person can ask themselves, if they had been given the key to drive the vehicle, whether they would consider the inoperable vehicle "parked." I submit the reasonable answer would be no.

Further, this understanding is entirely consistent with the parked-car exceptions contained in MCL 500.3106. "Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents." *Miller*, 411 Mich at 640. But the characteristics of an inoperable motor vehicle are in fact *like* other stationary roadside objects that can be involved in vehicle accidents. While I understand that giving meaning to the term "parked" in this context is not an easy task, I think this Court ought to attempt to do so before resorting to the "absurd results" doctrine. In other words, given that the term "parked" obviously does not refer to inoperable vehicles, I cannot conclude that " 'the absurdity and injustice of applying the provision to the case would be so monstrous, that all mankind would, without hesitation, unite in' " ignoring the term "parked." Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 237, quoting 1 Story, Commentaries on the Constitution of the United States (2d ed), § 427, p 303.

MARKMAN, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 7, 2019



Clerk

a0604