Zahra, J. (dissenting).
 

 I would grant the application and revisit this Court's opinion in
 
 Miller v. Auto-Owners Ins. Co.
 
 ,
 
 411 Mich. 633
 
 ,
 
 309 N.W.2d 544
 
 (1981), which was disavowed in part by
 
 Frazier v. Allstate Ins. Co.
 
 ,
 
 490 Mich. 381
 
 ,
 
 808 N.W.2d 450
 
 (2011). In
 
 Miller
 
 , this Court held that an insured is entitled to compensation under the no-fault act, MCL 500.3101
 
 et seq.
 
 , for an injury sustained while performing "maintenance" of his or her vehicle without regard to whether the vehicle might be considered "parked" at the time of the injury. The Court concisely explained:
 

 There is an apparent tension between these two sections [ MCL 500.3105 and MCL 500.3106 ] of the no-fault act: requiring, on the one hand, compensation for injuries incurred in the maintenance of a vehicle [ MCL 500.3105 ] but not requiring, on the other hand, compensation for injuries incurred in the maintenance of a
 
 parked
 
 vehicle, with three exceptions [ MCL 500.3106 ]. Since most, if not all, maintenance is done while the vehicle is parked, and since the three exceptions appear addressed to circumstances unrelated to normal maintenance situations, a conflict appears. [
 
 Miller
 
 ,
 
 411 Mich. at 637-638
 
 ,
 
 309 N.W.2d 544
 
 .]
 

 In
 
 Miller
 
 , the insurer invited the Court to "distinguish among parked vehicles according to whether they were parked involuntarily, as when a driver pulls onto the shoulder to repair a flat tire, or voluntarily, as in Miller's case."
 

 Id.
 

 at 638
 
 ,
 
 309 N.W.2d 544
 
 . Noting that "[s]uch a distinction, however, would often be difficult to draw," the Court declined to resolve the issue "solely by focusing on the term 'parked' ...."
 

 Id.
 

 I tend to agree with
 
 Miller
 
 that the insurer's argument in that case was not persuasive, mostly, in my view, because there is no statutory basis to distinguish between cars parked voluntarily or involuntarily. But I disagree that the term "parked" should not be considered, and I certainly do not agree with
 
 Miller
 
 's decision to ignore the term altogether ("Compensation is thus required ... without regard to whether his vehicle might be considered 'parked' at the time of injury,"
 

 id="p200" href="#p200" data-label="200" data-citation-index="1" class="page-label">*200
 

 id.
 

 at 641
 
 ,
 
 309 N.W.2d 544
 
 ). The relevant common definition of "park" at the time was "to halt (one's vehicle) with the intention of not using it again immediately."
 
 The Random House College Dictionary
 
 (1975). There is clearly a temporal component to the term that suggests that the vehicle may continue to be used as a motor vehicle. But to hold, as did the Court in
 
 Miller
 
 and several other published cases, that a vehicle which cannot be operated is "parked" extends the term well beyond its ordinary meaning. So, in
 
 Miller
 
 , for instance, the plaintiff was severely injured when his automobile fell on his chest while he was attempting to replace a pair of shock absorbers. The vehicle was obviously not parked because it could not be driven at the time.
 

 Consider some of the many cases in which an insured is injured while performing maintenance:
 
 Mich. Basic Prop. Ins. Ass'n v. Mich. Mut. Ins. Co.
 
 ,
 
 122 Mich. App. 420
 
 ,
 
 332 N.W.2d 504
 
 (1983) (insured injured while removing an exhaust manifold);
 
 Great American Ins. Co. v. Old Republic Ins. Co.
 
 ,
 
 180 Mich. App. 508
 
 ,
 
 448 N.W.2d 493
 
 (1989) (insured injured while using cutting torch to cut off metal pins that were holding hydraulic cylinders in place);
 
 Wagner v. Mich. Mut. Liability Ins. Co.
 
 ,
 
 135 Mich. App. 767
 
 ,
 
 356 N.W.2d 262
 
 (1984) (insured injured while warming oil pan with charcoal fire);
 
 Stanley v. State Auto. Mut. Ins. Co.
 
 ,
 
 160 Mich. App. 434
 
 ,
 
 408 N.W.2d 467
 
 (1987) (insured injured by car falling off jack);
 
 Yates v. Hawkeye-Security Ins. Co.
 
 ,
 
 157 Mich. App. 711
 
 ,
 
 403 N.W.2d 208
 
 (1987) (insured injured preparing to tow disabled vehicle);
 
 Kudek v. Detroit Auto. Inter-Ins. Exch.
 
 ,
 
 100 Mich. App. 635
 
 ,
 
 300 N.W.2d 350
 
 (1980), rev'd
 
 414 Mich. 956
 
 ,
 
 327 N.W.2d 69
 
 (1982) (insured injured while working on wheel assembly when tire exploded);
 
 Mack v. Travelers Ins. Co.
 
 ,
 
 192 Mich. App. 691
 
 ,
 
 481 N.W.2d 825
 
 (1992) (insured injured while pouring oil into engine);
 
 Hackley v. State Farm Mut. Auto. Ins. Co.
 
 ,
 
 147 Mich. App. 115
 
 ,
 
 383 N.W.2d 108
 
 (1985) (insured injured while inspecting engine for cause of stalling).
 

 In all these cases, the maintenance was being performed on inoperable vehicles at the time the insureds were injured. In my view, none of these vehicles were "parked" in the common sense of the term. In each circumstance, a person can ask themselves, if they had been given the key to drive the vehicle, whether they would consider the inoperable vehicle "parked." I submit the reasonable answer would be no.
 

 Further, this understanding is entirely consistent with the parked-car exceptions contained in MCL 500.3106. "Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle-characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents."
 
 Miller
 
 ,
 
 411 Mich. at 640
 
 ,
 
 309 N.W.2d 544
 
 . But the characteristics of an inoperable motor vehicle are in fact
 
 like
 
 other stationary roadside objects that can be involved in vehicle accidents. While I understand that giving meaning to the term "parked" in this context is not an easy task, I think this Court ought to attempt to do so before resorting to the "absurd results" doctrine. In other words, given that the term "parked" obviously does not refer to inoperable vehicles, I cannot conclude that " 'the absurdity and injustice of applying the provision to the case would be so monstrous, that all mankind would, without hesitation, unite in' " ignoring the term "parked." Scalia & Garner,
 
 Reading Law: The Interpretation of Legal Texts
 
 (St. Paul: Thomson/West, 2012), p. 237, quoting
 1 Story, Commentaries on the Constitution of the United States (2d ed.), § 427, p. 303.
 

 Markman, J., joins the statement of Zahra, J.